**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **WAVE LINX LLC,**<br><br>    Plaintiff,<br><br>v.<br><br>**FIVE9, INC.,**<br><br>    Defendant. | Civil Action No.:<br><br>**TRIAL BY JURY DEMANDED** |

**COMPLAINT FOR INFRINGEMENT OF PATENT**

Now comes, Plaintiff, Wave Linx LLC ("Plaintiff" or "Wave Linx"), by and through undersigned counsel, and respectfully alleges, states, and prays as follows:

**NATURE OF THE ACTION**

1.  This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C."), against Defendant Five9, Inc. (hereinafter "Defendant") for infringing and profiting, in an illegal and unauthorized manner and without authorization and/or consent from Plaintiff, from U.S. Patent No. 8,843,549 ("the '549 Patent" or the "Patent-in-Suit"), which is attached hereto as Exhibit A and incorporated herein by reference, and pursuant to 35 U.S.C. §271, and to recover damages, attorney's fees, and costs.

**THE PARTIES**

2.  Plaintiff is a Texas limited liability company with its principal place of business at 2108 Dallas Parkway, Suite 214, #1010, Plano, TX 75093.

3.  Upon information and belief, Defendant is a corporation organized under the laws of Delaware, having a principal place of business at 3001 Bishop Drive – Suite 350, San Ramon, California 94583. Upon information and belief, Defendant may be served with process c/o The

Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4. Plaintiff is further informed and believes, and on that basis alleges, that Defendant operates the Internet website located at www.five9.com, which is in the business of providing communication services, amongst other services. Defendant derives a portion of its revenue from sales and distribution via electronic transactions conducted on and using at least, but not limited to, the Internet website located at www.five9.com, and its incorporated and/or related systems (collectively, the "Defendant's Website"). Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Defendant has done and continues to do business in this judicial district, including, but not limited to, providing products/services to customers located in this judicial district by way of the Defendant's Website.

## JURISDICTION AND VENUE

5. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq*.

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction and its residence in this District, as well as because Plaintiff's injury and cause of action arose in this District, as alleged herein.

8. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services

provided to individuals in Delaware and in this judicial District; and (iii) being incorporated in this District.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) under the Supreme Court's opinion in *TC Heartland v. Kraft Foods Group Brands LLC,* 137 S. Ct. 1514 (2017), because Defendant resides in this District through its incorporation and regular and established place of business in this District.

## FACTUAL ALLEGATIONS

10. On October 23, 2012, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '549 Patent, entitled "Streaming Method for Transmitting Telephone System Notifications to Internet Terminal Devices in Real Time" after a full and fair examination. The '549 Patent is attached hereto as Exhibit A and incorporated herein as if fully rewritten.

11. Plaintiff is presently the owner of the '549 Patent, having received all right, title and interest in and to the '549 Patent from the previous assignee of record. Plaintiff possesses all rights of recovery under the '549 Patent, including the exclusive right to recover for past infringement.

12. To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. §287.

13. The invention claimed in the '549 Patent comprises a method for an application involving real-time notification of a client by a telephone switching system.

14. The '549 Patent contains two independent claims and eight dependent claims.

15. Claim 1 of the '549 Patent states:

> "1. A method for an application involving real-time notification of a client by a telephone switching system, comprising:
>    a) opening a connection between the client and a server;

b) transmitting notification messages from the telephone switching system to the server using a networking protocol;

c) transforming the notification messages at the server into a programming language code and using said networking protocol for sending the programming language code to the client, wherein the programming language code is executable by the client's browser;

d) using an HTTP streaming mechanism for transmission of the notification from the server to the browser through the open connection, whereby the connection between the client and the server remains open in the intervening period between the transmission of individual notification messages; and

e) executing the programming language codes by the browser whereby the respective notification messages are displayed or outputted at the client." See Exhibit A.

16. Claim 4 of the '549 Patent states the method according to Claim 1, further comprising: using the HTTP protocol for the client-server connection.

17. Defendant commercializes, inter alia, methods that perform all the steps recited in at least one claim of the '549 Patent. More particularly, Defendant commercializes, inter alia, methods that perform all the steps recited in Claims 1 and 4 of the '549 Patent. Specifically, Defendant made, used, sold, offered for sale, or imported a product practicing a method that encompasses that which is covered by Claims 1 and 4 of the '549 Patent.

## DEFENDANT'S PRODUCTS

18. Defendant offers products, such as "Five9 Inbound Call & Contact Center (the "Accused Product")[1], that practices a method for an application involving real-time notification (e.g., incoming phone call notification, messaging notification) of a client by a telephone switching system. A non-limiting and exemplary claims chart comparing the Accused Product to Claims 1 and 4 of the '549 Patent is attached hereto as Exhibit B and incorporated herein as if fully rewritten.

---

[1] The Accused Product is just one of the products provided by Defendant, and Plaintiff's investigation is on-going to additional products to be included as an Accused Product that may be added at a later date.

19. As recited in one step of Claim 1, the Accused Product practices opening a connection between the client (e.g., when a user login to Five9 Contact Center account for receiving incoming calls) and a server (e.g., Five9 server). See Exhibit B.

20. As recited in another step of Claim 1, the Accused Product practices transmitting notification messages from the telephone switching system (e.g. calls that originate from a traditional phone switching network) to the server (e.g., Five9 server) using a networking protocol (e.g., IP). See Exhibit B.

21. As recited in a third step of Claim 1, the Accused Product practices transforming the notification messages (e.g., incoming phone call notification, messaging notification) at the server (e.g., Five9 server) into a programming language code (e.g., markup language code such as HTML code) and using said networking protocol (e.g., IP) for sending the programming language code to the client (e.g., a user utilizing a web browser based version of the Five9 contact center), wherein the programming language code is executable by the client's browser (e.g., the web browser of a user). See Exhibit B.

22. As recited in another step of Claim 1, the Accused Product uses an HTTP streaming (e.g., call or a messaging session streaming to a user's web browser) mechanism for transmission of the notification (e.g., incoming phone call notification, messaging notification) from the server (e.g., Five9 server) to the browser (e.g., web browser of the user such as Google Chrome) through the open connection (e.g., a chat or a call queue which supports transmission and storage of notifications from Five9 server to a said website with the Web Widget), whereby the connection between the client and the server remains open in the intervening period between the transmission of individual notification messages. See Exhibit B.

23. As recited in another step of Claim 1, the Accused Product practices executing the programming language codes (e.g., markup language code such as HTML code) by the browser (e.g., web browser of the user such as Google Chrome) whereby the respective notification messages are displayed or outputted (e.g., display notification or play sound) at the client. See Exhibit B.

24. As recited in Claim 4 of the '549 Patent, the Accused Product uses the HTTP protocol (e.g., by means of an HTTP browser) for the client-server connection. See Exhibit B.

25. The elements described in the preceding paragraphs are covered by at least Claims 1 and 4 of the '549 Patent. Thus, Defendant's use of the Accused Product is enabled by the method described in the '549 Patent.

## INFRINGEMENT OF THE '549 PATENT

26. Plaintiff realleges and incorporates by reference all of the allegations set forth in Paragraphs 1 to 25.

27. In violation of 35 U.S.C. § 271, Defendant directly infringed the '549 Patent.

28. Defendant has had knowledge of infringement of the '549 Patent at least as of the service of the present Complaint.

29. Defendant has directly infringed at least one claim of the '549 Patent by using, at least through internal testing or otherwise, the Accused Product without authority in the United States. As a direct and proximate result of Defendant's direct infringement of the '549 Patent, Plaintiff has been and continues to be damaged.

30. By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '549 Patent, pursuant to 35 U.S.C. § 271.

31. Defendant has committed these acts of infringement without license or authorization.

32. As a result of Defendant's infringement of the '549 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

33. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim chart depicted in Exhibit B is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## DEMAND FOR JURY TRIAL

34. Plaintiff demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. That Defendant be adjudged to have directly infringed the '549 Patent either literally or under the doctrine of equivalents;

b. An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

c. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Plaintiff for the Defendant's past infringement, including compensatory damages;

d. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

  e. That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

  f. That Plaintiff be granted such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| Dated: July 28, 2021 | Respectfully submitted, |
| Together with: | CHONG LAW FIRM PA |
| SAND, SEBOLT & WERNOW CO., LPA | */s/ Jimmy Chong*_____ <br> Jimmy Chong (#4839) |
| Andrew S. Curfman (*Pro hac vice forthcoming*) <br> Aegis Tower – Suite 1100 <br> 4940 Munson Street NW <br> Canton, Ohio 44718 <br> Phone: 330-244-1174 <br> Fax: 330-244-1173 <br> Andrew.Curfman@sswip.com | 2961 Centerville Road, Suite 350 <br> Wilmington, DE 19808 <br> Telephone: (302) 999-9480 <br> Facsimile: (302) 800-1999 <br> Email: chong@chonglawfirm.com <br><br> ATTORNEYS FOR PLAINTIFF |